Dear Mr. Forrest:
Our office received an opinion request from you concerning whether the Board for the Washington Parish Gas Utility District No. 2 (Board) may fix additional reasonable compensation for the treasurer and president in connection with additional duties performed in meetings with a contractor who is repairing and replacing gas distribution lines.
The applicable statute is La.R.S. 33:4305(B)(1), which governs Gas Utility Districts. It provides:
 No member of the board of commissioners shall receive a salary for the performance of his duties as a member. Each member may receive a per diem for each meeting attended, up to twenty-five meetings per year. The board shall fix the amount of the per diem in an amount not to exceed seventy-five dollars. A member may be reimbursed for all proper expenses incurred in carrying on the business of the district. The board may fix reasonable additional compensation, commensurate with the additional duties performed, for a member who serves as secretary or treasurer or secretary-treasurer of the board.
[Emphasis added].
Your opinion request asks whether the Board may fix additional reasonable compensation for the treasurer and president in connection with additional duties performed.
As instructed by La.C.C. art. 9 in the area of statutory interpretation, "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the *Page 2 
law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."
La.R.S. 44:4305(B)(1) is unambiguous in its language that the Board may fix additional reasonable additional compensation for a member who serves as secretary or treasurer, or secretary-treasurer of the Board. Therefore, it is permissive for the Board to fix additional reasonable compensation, commensurate with the additional duties performed, for the treasurer. La.R.S. 44:4305(B)(1) specifies that the power to fix additional compensation extends to the secretary or treasurer, or to an individual serving both of those roles, and does not include the president. If the Board wishes for someone other than the secretary or treasurer to receive additional compensation, this would require a statutory amendment. However, as the language of the statute currently provides, although the president may be reimbursed for any proper expenses incurred in carrying on the business of the district, the Board may not fix additional reasonable compensation for the president.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB